JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
IKE AMERICA, LLC

## DEFENDANTS
KREDIT KARTE, INC

(b) County of Residence of First Listed Plaintiff: **NEW YORK**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **PENNSYLVANIA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Arangio & George, LLP, 2000 Market Street, Suite 1440, Philadelphia, PA 19103 (215) 567-1999, Jeffrey M. Scafaria, Esq.

Attorneys (If Known)
Eckell Sparks, 344 West Front St., Media, PA 19063 (610) 565-3700, Patrick Henigan, Esq.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332, 9 U.S.C. §§ 1-13, New York C.P.L.R. § 7501 et. seq.,
Brief description of cause:
Petition to Confirm Arbitration Award

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 94,357.20
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 06/25/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| IKE AMERICA, LLC | : | CIVIL ACTION No._____ |
|     PETITIONER | : | |
| v. | : | |
| | : | |
| KREDIT KARTE, INC | : | |
|     RESPONDENT | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.    (See § 1:03 of the plan set forth on the reverse side of this form.)    In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus — Cases brought under 28 U.S.C. § 2241 through § 2255.    (  )

(b)  Social Security — Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.    (  )

(c)  Arbitration — Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d)  Asbestos — Cases involving claims for personal injury or property damage from
     exposure to asbestos.    (  )

(e)  Special Management — Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.   (See reverse side of this form for a detailed explanation of special
     management cases.)    (  )

(f)  Standard Management — Cases that do not fall into any one of the other tracks.    ( X )


| | | |
|---|---|---|
| June 25, 2010 | Jeffrey M. Scafaria, Esquire | Petitioner, IKE AMERICA, LLC |
| Date | Attorney-at-law | Attorney for |
| | | |
| (215) 567-1999 | (215) 567-8860 | js@scafarialaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: IKE America, LLC, 201 E. 75th Street, Suite 5C, New York, NY 10021

Address of Defendant: KreditKarte, Inc, 215 N. Olive Street, Media, PA 19063

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) Petition to Confirm Arbitration Award and Enter Judgment

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                        Attorney-at-Law             Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/25/2010   _____   73326
                   Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IKE, America, LLC
                    Petitioner

v.                                                      Civil Action
                                                        No: _____

KREDIT KARTE, INC
                    Respondent

DISCLOSURE STATEMENT FORM

Please check one box:

[✓]     The nongovernmental corporate party, __IKE America, LLC__
        , in the above listed civil action does not have any parent corporation and
        publicly held corporation that owns 10% or more of its stock.

[ ]     The nongovernmental corporate party, _____
        , in the above listed civil action has the following parent corporation(s) and
        publicly held corporation(s) that owns 10% or more of its stock:

        _____
        _____
        _____
        _____

__6/25/2010__                                __[signature]__
Date                                         Signature

                        Counsel for: __Petitioner, IKE America, LLC__

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
   (a)  WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
        two copies of a disclosure statement that:
        (1)  identifies any parent corporation and any publicly held corporation
             owning10% or more of its stock;  or

        (2)  states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
        (1)  file the disclosure statement with its first appearance, pleading,
             petition, motion, response, or other request addressed to the court;
             and
        (2)  promptly file a supplemental statement if any required information
             changes.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In the Matter of the Arbitration Between : <br> : <br> IKE AMERICA, LLC : <br> : <br> Petitioner : <br> v. : <br> : <br> KREDIT KARTE, INC : <br> : <br> Respondent : | Civil Action No:_____ |

## ORDER

     **AND NOW**, this       day       of       , **2010**, upon consideration of IKE America, LLC's Petition to Confirm Arbitration Award, and any response thereto filed by Respondent, Kredit Karte, Inc., it is hereby **ORDERED** that:

     1. IKE America's Petition is **GRANTED**.

     2. The arbitration award is **CONFIRMED** and judgment is **ENTERED** in accordance with the award.

     3. The Clerk of Court is directed to close this case.

                                              **BY THE COURT:**

                                                           _____

                                                                            **J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In the Matter of the Arbitration Between :
:
IKE AMERICA, LLC :
:
                Petitioner :
v. : Civil Action No:_____
:
KREDIT KARTE, INC :
:
                Respondent :

---

### PETITION TO CONFIRM ARBITRATION AWARD

---

      Petitioner, IKE America, LLC, (hereinafter "IKE") seeks confirmation of an arbitration award against Respondent, Kredit Karte, Inc. (hereinafter "KK"), and entry of judgment in conformity with the arbitration award.

*Parties and Jurisdiction*

      1.     Petitioner is IKE America, LLC, a New York limited liability company, with its principal place of business in New York, New York.

      2.     Respondent is Kredit Karte, Inc., a Pennsylvania corporation, with its principal place of business in Media, Pennsylvania.

      3.     The arbitration award that is the subject of these proceedings for confirmation was the result of an arbitration proceeding between the parties which took place in Philadelphia, Pennsylvania.

4. The arbitration provision contained in the Referral Agreement between the parties is governed by New York law and states that "judgment may be entered in any court having jurisdiction over the subject matter of the controversy". See Referral Agreement attached hereto as Exhibit "A".

5. This Court has jurisdiction over these proceedings pursuant to the terms of the Referral Agreement, the location of the arbitration proceeding, as well as 28 U.S.C. § 1332 and 9 U.S.C. § 9 and NY C.P.L.R. § 7501.

6. Venue is proper in this district pursuant to the terms of the Referral Agreement, the location of the arbitration proceeding, as well as 28 U.S.C. § 1391 and 9 U.S.C. § 9 and NY C.P.L.R. § 7502.

*Facts*

7. The parties entered into a certain Referral Agreement dated August 8, 2007 attached hereto as Exhibit "A"

8. Pursuant to the terms of the Referral Agreement, Petitioner referred merchants for credit card processing to Respondent for a referral commission.

9. Respondent breached the terms of the Referral Agreement and Petitioner demanded arbitration and filed a claim with the American Arbitration Association on June 8, 2009 and filed an amended claim demanding $150,000.00 on August 27, 2009.

10. Pursuant to the terms of the referral agreement, the arbitration took place in the Commonwealth of Pennsylvania and was governed by the laws of the State of New York.

11. Pursuant to the terms of the arbitration agreement, the dispute shall be settled by arbitration and is binding on the parties.

12. On April 14, 2010, an arbitration hearing was conducted before an arbitrator in Philadelphia, Pennsylvania.

13. An arbitration award was rendered on June 1, 2010 and served on the parties on June 2, 2010, in the form of the Award of Arbitrator ("Arbitration Award"). A copy of the Arbitration Award is attached hereto as Exhibit "B".

14. The decision of the arbitrator awarded Petitioner the amount of $89,058.39 plus interest thereon at the legal rate of 9% per annum. See Arbitration Award page 2.

15. Petitioner was awarded interest on $35,336.99 through April 1, 2010 totaling $2,603.96.

16. Petitioner was awarded continuing interest on $35,336.99 from April 1, 2010 at the legal rate of 9% per annum.

17. Petitioner was awarded continuing interest on $53,721.40 from June 1, 2010 at the legal rate of 9% per annum.

18. Despite demand for payment, Respondent has not complied with the Arbitration Award and has failed to pay the sum awarded to Petitioner and the amounts currently due as set forth in a letter dated June 10, 2010 indicating the amount currently due is $94,357.20 See Demand Letter attached hereto as Exhibit "C".

19. Respondent has not sought to modify or correct the award pursuant to NY C.P.L.R. § 7509 or AAA R-46, which provide for the modification or correction of an award within twenty (20) days of service upon the parties.

20. Petitioner is entitled to confirmation of the Arbitration Award and entry of judgment in conformity with the award at any time after the award is made. 9 U.S.C. §§ 9, 13; NY C.P.L.R. §§ 7510, 7514.

WHEREFORE, Petitioner, IKE America, LLC seeks an order:

1) confirming the arbitration award against Respondent, Kredit Karte, Inc.; and

2) entering judgment in favor of Petitioner, IKE America, LLC against Respondent, Kredit Karte, Inc. as follows:

    a. $35,336.99 plus interest at 9% through April 1, 2010 totaling $2,603.96. ;
    b. Continuing interest at 9% on $35,336.99 from April 1, 2010; and
    c. $53,721.40 plus interest at 9% from June 1, 2010.

3) providing Petitioner with such other and further relief as the Court deems proper.

Respectfully submitted,

**Date:** June 25, 2010    **By:** _____
    Jeffrey M. Scafaria, Esquire
    ARANGIO & GEORGE, LLP
    2000 Market Street, Suite 1440
    Philadelphia, PA 19103
    Telephone:  (215) 567-1999
    Facsimile:  (215) 567-8860
    Email:  js@scafarialaw.com

    **ATTORNEY FOR PETITIONER,**
    **IKE AMERICA, LLC**



## REFERRAL AGREEMENT

This Agreement is entered into as of Wednesday, August 08, 2007 between Kredit Karte, Inc. ("KK") and Corrado Speziali IKE America LLC ("REFERRAL PARTNER").

BACKGROUND

    A. Referral Partner has relationships and or provides services to certain merchants who accept payment for goods and services via credit card ("Merchants").

    B. KK, through its affiliates, is in the business of selling credit card processing services to businesses that accept payment by credit card.

    C. Referral Partner wishes to refer certain Merchants ("Referrals") to KK and KK has agreed to compensate Referral Partner for such referrals according to the terms and conditions set forth below.

NOW, THEREFORE, intending to be legally bound, the parties agree as follows:

Subject to the provisions of this Agreement, KK will pay a referral fee to REFERRAL PARTNER for any Merchant(s) who signs a Merchant Application and is approved by KK or its affiliate(s) to accept credit card processing (Merchant Services).

    i. Duties of KK: As to any Merchants referred to KK by Referral Partner; KK agrees that it shall treat all referrals with its highest level of customer support and technical support. Process the application and attempt to obtain approval of said application on behalf of the REFERRAL PARTNER pursuant to KK and the underwriting Banks current credit policy at the time of application.

    ii. Merchant Referral Fees: The parties acknowledge that KK will receive monthly residual income ("Residuals") resulting from the clients referred to KK by the REFERRAL PARTNER for the credit card processing activity of those referrals on a monthly basis. KK shall pay to the REFERRAL PARTNER a residual percentage of those Residuals, said Residuals are to continue for each month a Merchant Contract is in effect (including all renewals). The fees to be paid to Referral Partner shall consist of Sixty Percent (60%) of the net Residuals received by KK on account, for all Merchant Referrals.

    iii. Reporting: KK shall provide a monthly report or access to a database relating to aforementioned Referrals' credit card processing volume and pay said fees to REFERRAL PARTNER no later than the 30th day of the month following the month in which the Residuals are received by KK.

    iv. Termination: This Agreement shall remain in effect for a term of one (1) year, and may be extended for successive one (1) year terms with the mutual agreement of all parties. The obligations under this Agreement to pay fees to REFERRAL PARTNER for any Merchant Referrals, referred prior to the termination of the Agreement shall survive any termination. Notwithstanding the foregoing, either party may terminate this Agreement with notice to the other in the event the other party shall be in default of its obligations hereunder and such default is not cured within thirty days notice to the defaulting party from the other party.

1

# EXHIBIT "A"



v. <u>Entire Agreement:</u> With respect to the subject matter hereof, this Agreement sets forth the entire understanding and agreement between the parties, supersedes all previous communications or agreements, oral or written, and may not be modified or amended except by an instrument in writing executed by both parties.

vi. <u>No Partnership:</u> This Agreement is not intended to create or constitute, nor does it create or constitute, a partnership, joint venture, or other form of business organization of any kind

vii. <u>Governing Law:</u> This Agreement shall be governed by the laws of the State of New York.

viii. <u>Disputes:</u> KK and Referral Partner desire that friendly collaboration will develop between them. Accordingly, they shall try to resolve in a friendly manner disagreements and misunderstandings connected with their respective rights and obligations under this Agreement. To the extent that a dispute cannot be resolved in a friendly manner, the dispute shall be settled by arbitration in Pennsylvania under the Commercial Arbitration Rules of the American Arbitration Association or the Judicial Arbitration and Mediation Services (JAMS), at the election of the party filing the arbitration; provided, however, regardless of the dispute resolution forum selected or the rules governing the same, (i) any dispute shall be resolved by one arbitrator and (ii) each party shall be entitled to discovery in accordance with the Federal Rules of Civil Procedure. Judgment on the arbitration award may be entered in any court having jurisdiction over the subject matter of the controversy.

| KREDIT KARTE, INC. | REFERRAL PARTNER |
|---|---|
| Signature: *[signed]* | Signature: *Corrado Speciali* |
| Name: <u>Mark Stoss</u> | Name: CORRADO SPEZIALI |
| Title: <u>President</u> | Title: PRESIDENT IKE AMERICA LLC |
| Date: <u>8-08-2007</u> | Date: 8-8-2007 |

2

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 14 148 00927 09
    IKE AMERICA LLC          (Claimant)
    and
    Mark Stoss
    Kredit Karte Inc.         (Respondents)

### AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by Claimant and Respondent Kredit Karte, Inc., and dated August 8, 2007, and having been duly sworn and having heard the proofs and allegations of the parties, and Respondent Kredit Karte, Inc. having withdrawn its counterclaim with respect to tortious interference with contractual relations, do hereby FIND and AWARD, as follows:

### FINDINGS

1. With respect to Claimant's claims:

    a. After Claimant presented its case, Respondents made an oral motion to dismiss Respondent Mark Stoss, individually, from the arbitration. Claimant did not oppose the motion to dismiss and I granted the motion.

    b. With respect to Claimant's claim for recovery of improper expense and commission deductions:

        i. I find that Respondent Kredit Karte, Inc. improperly deducted sums for its expenses when calculating the amounts of residual payments payable to Claimant, and that the residual payments payable to Claimant are not subject to those deductions.

        ii. I find that Respondent Kredit Karte, Inc. improperly deducted 15% of the net Residuals received on the Robert Cavalli account when calculating the residuals payable to Claimant in connection with that account, and must pay those residuals at the full contract rate of "Sixty Percent (60%) of the net Residuals received" by Respondent Kredit Karte, Inc.

        iii. Claimant's claim for recovery of improper expense and commission deductions is granted against Respondent Kredit Karte, Inc. in the amount of $35,336.99 plus interest thereon at the legal rate of 9% per annum. I find the amount of interest accrued on this amount through April 1, 2010, to be $2,603.96.

    c. Claimant's claim for damages for loss of the Zegna account against Respondent Kredit Karte, Inc. is granted in the amount of $53,721.40

2. With respect to the claims of Respondent Kredit Karte, Inc. against Claimant:

    a. The claim for recoupment of overpayments is denied in its entirety.

    b. The claim for breach of the Referral Agreement by Claimant is denied in its entirety.

EXHIBIT "B"

        c.        The claim for tortious interference with contractual relations was withdrawn by Respondent Kredit Karte, Inc. at the hearing.

## AWARD

Accordingly, I AWARD as follows:

1.        Respondent Kredit Karte, Inc. shall pay to Claimant Eighty-Nine Thousand Fifty-Eight Dollars and Thirty-Nine Cents ($89,058.39) for Claimant's claims, plus interest thereon.

2.        Respondent Kredit Karte, Inc. shall pay interest to Claimant as follows:

        a.        Interest on $35,336.99 through April 1, 2010 in the amount of $2,603.96, plus additional interest on $35,336.99 at the simple rate of nine percent (9%) per annum from April 1, 2010, until paid in full.

        b.        Interest on $53,721.40 from the date hereof until paid in full.

The administrative fees of the American Arbitration Association totaling $5,250.00 and the compensation of the arbitrator totaling $10,185.00 shall be borne by the parties as incurred.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

_6/1/10_  
Date  

_[signature]_  
Harry T. Mondoil

I, Harry T. Mondoil, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_6/1/10_  
Date  

_[signature]_  
Harry T. Mondoll

# ARANGIO & GEORGE, LLP

ATTORNEYS AT LAW
2000 MARKET STREET, SUITE 1440
PHILADELPHIA, PA 19103

JEFFREY M. SCAFARIA, ESQ.
EMAIL: js@scafarialaw.com

(215) 567-1999
FAX: (215) 567-8860

June 10, 2010

*Via email and regular mail*

Patrick T. Henigan, Esquire
ECKELL SPARKS
344 W. Front Street
Media, PA 19063

Re: *IKE AMERICA LLC v. KREDIT KARTE, INC et al*
14 148 E 0092709

Dear Mr. Henigan:

I am in receipt of the Award of Arbitrator for the above-captioned matter dated June 1, 2010. In accordance with the terms of the Award, kindly instruct your client to make full payment without deductions for the 60% commissions due IKE America, LLC.

Also, my client has updated the amount currently due as follows:

| | |
|---|---|
| Deductions as of April 1st | $ 35,336.99 |
| Legal interest | $ 2,603.96 |
| Legal interest from April 1st on $ 35,336.99 | $ 530.05 |
| New deductions MAR/APR statements | $ 2,164.80 |
| Total deductions | $ 40,635.80 |
| Zegna damages | $ 53,721.40 |
| Total to be paid to IKE AMERICA | $ 94,357.20 |

Please contact my office upon receipt of this letter to discuss prompt payment of the amount due. If I do not hear from you within ten (10) days of the date of this letter, I will move to confirm the Award of Arbitrator as a judgment against your client.

Thank you for your attention to this matter.

Very truly yours,

ARANGIO & GEORGE, LLP

/s/

JEFFREY M. SCAFARIA

JMS/js
Cc: Corrado Speziali (via email)

**Exhibit "C"**